UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. NORMAN, JR., ) | CV F- 06-0974 OWW DLB P |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. ) | |
| JOHN DOVEY, et al., ) | |
| Defendants. ) | |

Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's amended complaint filed October 18, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against the Director of the Department of Corrections. Plaintiff alleges that he is being denied adequate medical care. He states that he has been diagnosed with Hepatitis C and is being denied the alternative treatment he has requested. He contends defendants have breached their duty to him to provide adequate medical care.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to

establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff disagrees with the treatment that has been rendered.  This is insufficient to state a claim.  Plaintiff has failed to allege that defendants knew of and disregarded a serious risk to plaintiff's health.  Rather, the doctors rendered treatment, though plaintiff considers the treatment insufficient.  Negligence is insufficient to state a claim under section 1983.

With respect to the Director, plaintiff fails to state a claim for supervisory liability.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  As discussed above, plaintiff has not alleged facts to indicate an underlying violation of his constitutional rights, therefore, there can be no claim of supervisory liability against the Director.

In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

1  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
2  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
3  588 F.2d 740, 743 (9th Cir. 1978).
4       In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
5  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
6  complaint be complete in itself without reference to any prior pleading.  This is because, as a
7  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
8  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
9  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
10 each claim and the involvement of each defendant must be sufficiently alleged.
11      In accordance with the above, IT IS HEREBY ORDERED that:
12         1. Plaintiff's amended complaint is dismissed; and
13         2. Plaintiff is granted thirty days from the date of service of this order to file an
14 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
15 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
16 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
17 and two copies of the amended complaint; failure to file an amended complaint in accordance with
18 this order will result in dismissal of this action.
19
20      IT IS SO ORDERED.
21      **Dated:**  **May 7, 2007**          **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE